IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Jerome Curry *a/k/a Flesh And Bloodman*, <br><br> Plaintiff, <br><br> v. <br><br> State of South Carolina, <br><br> Defendant. | Case No. 3:23-cv-05525-JDA <br><br> **OPINION AND ORDER** |

This matter is before the Court on Plaintiff's objections to the Magistrate Judge's November 17, 2023, Order (the "November 17 Order") [Doc. 16], a Report and Recommendation ("Report") of the Magistrate Judge [Doc. 17], and two motions by Plaintiff to amend the Complaint [Docs. 26; 29]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial proceedings.

**BACKGROUND**

Plaintiff's Complaint was entered on the docket on October 31, 2023 [Doc. 1], as was his motion for leave to proceed in forma pauperis ("IFP") [Doc. 2]. In the November 17 Order, the Magistrate Judge notified Plaintiff that he is barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g) because he has had at least three cases dismissed by this Court for failure to state a claim upon which relief can be granted, directed Plaintiff to pay the filing fee within 21 days, and directed Plaintiff to submit the documents necessary to bring the case into proper form for the issuance and service of process within 21 days. [Doc. 7.] The November 17 Order specifically warned Plaintiff that if he did not follow the

Order's instructions, the "case may be dismissed for failure to prosecute and failure to comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure. [*Id.* at 1 (emphasis omitted).] Plaintiff filed objections to the November 17 Order [Doc. 16] but did not pay the filing fee.

When Plaintiff did not respond to the November 17 Order by paying the filing fee, on January 23, 2024, the Magistrate Judge issued a Report recommending that the case be summarily dismissed without prejudice for Plaintiff's failure to comply with the November 17 Order and failure to prosecute this action. [Doc. 17.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 4.] On February 14, 2024, Plaintiff filed objections to the Report. [Doc. 21.] Since filing his objections to the Report, Plaintiff has filed two motions to amend the Complaint. [Docs. 26; 29.]

## **APPLICABLE LAW**

**Standard of Review**

The Magistrate Judge makes only a recommendation to this Court.[1] The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report

---

[1] The Fourth Circuit Court of Appeals has held that a magistrate judge lacks the authority to issue an order denying a plaintiff leave to proceed IFP. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015). Accordingly, the Court applies to same standard of review to Plaintiff's objections to the November 17 Order as it does to Plaintiff's objections to the Report.

only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

**The Prison Litigation Reform Act and the Three-Strikes Rule**

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), requires that this Court engage in a preliminary screening of any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). As part of this screening process, the PLRA limits the ability of prisoners to file civil actions without prepayment of filing fees under what has become known as the three-strikes rule.

The three-strikes rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, "[w]hen a prisoner has previously filed at least three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the [PLRA's] 'three strikes' provision requires that the prisoner demonstrate imminent danger of serious physical injury in order to proceed without prepayment of fees." *McLean v. United States*, 566 F.3d 391, 393–94 (4th Cir. 2009), *abrogated on other grounds by Lomax v. Ortiz-*

*Marquez*, 140 S. Ct. 1721 (2020)[2]; *see also Graham v. Riddle*, 554 F.2d 133, 134–35 (4th Cir. 1977) (explaining that the court has "the authority to deny cost-free filing" where the plaintiff is "abus[ing] the process of the court" by filing frivolous, repetitive complaints). Without a showing of imminent danger, the prisoner must prepay the filing fee in full to proceed with his case. 28 U.S.C. § 1915(g).

## DISCUSSION

**Plaintiff's Objections to the November 17 Order**

In his objections to the November 17 Order, Plaintiff primarily raises challenges to his conditions of confinement that fail to respond to the Magistrate Judge's conclusion that he is barred from proceeding IFP because he is subject to the three-strikes rule. [*See generally* Doc. 16.] However, the Court has gleaned one objection that is responsive to the Order's conclusion in that Plaintiff contends that his prior cases that were "dismissed due to failure to state a claim all were based upon void judgment[s] in violation of Federal Rule[] of Civil Procedure Rule 60(b)(4)." [*Id.* at 4.] Based on this argument, Plaintiff asks the Court to reopen all of those cases, to allow this case to move forward, and to grant Plaintiff's IFP motion. [*Id.* at 4, 27.]

The Court has reviewed the record in this case and the applicable law and determines that Plaintiff is subject to the three-strikes rule and cannot demonstrate

---

[2] In *Lomax*, the Supreme Court abrogated the *McLean* holding that a dismissal without prejudice for failure to state a claim does not constitute a strike under the PLRA. 140 S. Ct. at 1724, 1727 (2020) (holding that regardless of whether the dismissal is with or without prejudice, the dismissal of a prisoner's civil lawsuit for failure to state a claim counts as a strike under the PLRA's three-strikes rule).

4

imminent danger of physical injury.  Plaintiff has filed at least 17 cases in this Court,[3] and at least three of those cases may be deemed strikes under the PLRA in accordance with the standard set forth in *Lomax*.  For example, on November 8, 2011, the Court summarily dismissed Plaintiff's complaint as frivolous, noting that it was largely duplicative of Plaintiff's prior action that had also been summarily dismissed.  *Curry v. Young*, No. 2:11-cv-01687-TMC, Doc. 14 (D.S.C. Nov. 8, 2011).  On October 27, 2020, the Court summarily dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted.  *Curry v. Crockett*, No. 2:20-cv-02343-TMC, Doc. 20 (D.S.C. Oct. 27, 2020).  On October 27, 2020, the Court summarily dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted.  *Curry v. Cannon*, No. 0:20-cv-02374-TMC, Doc. 20 (D.S.C. Oct. 27, 2020).  Although Plaintiff now argues that all of his cases that were dismissed for failure to state a claim upon which relief may be granted were based on void judgments, he has provided nothing to support this conclusory assertion or to explain to the Court how he alleges the judgments were void.  Accordingly, the Court overrules Plaintiff's objection and denies his motion for leave to proceed IFP.[4]

---

[3] The Court takes judicial notice of Plaintiff's prior actions filed in this Court.  *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[4] Plaintiff does not argue that he can meet the imminent danger exception under 28 U.S.C. § 1915(g).  Nor could he in this case.  To meet this exception, "the statute requires that litigants allege sufficient specific facts to demonstrate a nexus between the claims presented and the imminent danger alleged."  *Hall v. United States*, 44 F.4th 218, 230 (4th Cir. 2022).  In this case, Plaintiff petitions the Court to change his name, nationality, and social security number and to apply for sovereignty.  [Doc. 1.]  Nothing in Plaintiff's Complaint alleges any imminent danger, much less any imminent danger that is related to his request to change his name, nationality, and social security number or to apply for sovereignty.

5

**Plaintiff's Objections to the Report**

As stated, the Magistrate Judge recommends that this action be summarily dismissed without prejudice for Plaintiff's failure to comply with the November 17 Order and failure to prosecute this action. [Doc. 17.] In his objections, Plaintiff again primarily raises challenges to his conditions of confinement. [*See generally* Doc. 21.] He also again argues that his past judgments were based on void judgments [*id.* at 18], but as noted, the Court overrules this objection. And he generally asserts that the "Report and Recommendation is based upon error of law[,] abuse of discretion[,] [is] not support[ed] by facts or truth at all whatsoever and should be stri[cken] from the record as sham and without evidence in support thereof." [*Id.* at 31.]

Upon review of the Report, the record, and the applicable law, the Court concludes that the Report was prematurely issued. A magistrate judge may "do no more than issue a recommendation" to deny a plaintiff leave to proceed IFP, and the district court is "required to make a de novo determination of those portions of the magistrate judge's recommendation to which objection is made." *Hunter*, 617 F. App'x at 226 (cleaned up). Because at the time the Magistrate Judge issued the Report, Plaintiff's objections to the Magistrate Judge's conclusion that he had to prepay the filing fee were pending, the Report prematurely recommends summary dismissal of this action for Plaintiff's failure to comply with the November 17 Order and failure to prosecute. Accordingly, the Court rejects the Report.

**Payment of the Filing Fee**

Because the Court denies Plaintiff's motion for leave to proceed IFP, Plaintiff may proceed with this case only if he prepays the filing fee in full. Plaintiff shall have 14 days

6

from the date of this Order to submit the required filing fee. If the filing fee is not paid within 14 days of this Order, the case will be dismissed without prejudice pursuant to the three-strikes rule under 28 U.S.C. § 1915(g).

**Plaintiff's Motions to Amend the Complaint**

As stated, Plaintiff has filed two motions to amend the Complaint. [Docs. 26; 29.] However, because the court denies Plaintiff's motion for leave to proceed IFP, Plaintiff's motions to amend the Complaint are denied without prejudice and with leave to refile if he pays the filing fee.

## CONCLUSION

Based upon the foregoing, the Court denies Plaintiff's motion for leave to proceed IFP [Doc. 2], rejects the Report and Recommendation of the Magistrate Judge [Doc. 17], and denies Plaintiff's motions to amend the Complaint [Docs. 26; 29]. Plaintiff shall have 14 days from the date of this Order to submit the required civil case filing fee of $405, which includes the $55 administrative fee. If the filing fee is not paid within 14 days of this Order, the Clerk is directed to dismiss this action without prejudice pursuant to the three-strikes rule under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

March 12, 2025
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.